## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DIRECTV, INC.                                                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:04-CV-643WS

JAMES FURLOW                                                                            DEFENDANT

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are the plaintiff's motion for summary judgment [**Docket No.
19-1**] and supplemental motion for summary judgment [**Docket No. 22-1**] submitted
pursuant to Rule 56(a)[1] of the Federal Rules of Civil Procedure.  These motions rely
upon defendant's failure to respond to a request for admission as required by Rule
36(a)[2] of the Federal Rules of Civil Procedure.  The defendant also has not responded
to the plaintiff's instant summary judgment motions.  Once a properly supported
motion for summary judgment is presented, the nonmoving party must rebut with

---

[1]Rule 56(a), Federal Rules of Civil Procedure, provides that, "[a] party seeking to recover upon a
claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the
expiration of 20 days from the commencement of the action or after service of a motion for summary
judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the
party's favor upon all or any part thereof."

[2]Rule 36(a) provides in part that, "[a] party may serve upon any other party a written request for
the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule
26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to
fact, including the genuineness of any documents described in the request. Copies of documents shall be
served with the request unless they have been or are otherwise furnished or made available for inspection
and copying. Without leave of court or written stipulation, requests for admission may not be served
before the time specified in Rule 26(d).  Each matter of which an admission is requested shall be
separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within
such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to
Rule 29, the party to whom the request is directed serves upon the party requesting the admission a
written answer or objection addressed to the matter, signed by the party or by the party's attorney.*
(emphasis added) ..."

"significant probative" evidence.  *Ferguson v. National Broadcasting Co.*, *Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  *Union Planters National Leasing v. Woods*, 687 F.2d 117, 119 (5th Cir. 1982).

The plaintiff here is seeking damages for the defendant's alleged violations of Title 47 U.S.C. § 605(a)[3] which prohibits piracy (unauthorized reception) of satellite transmissions.  The plaintiff also asserts that the defendant violated Title 18 U.S.C. § 2511(1)(a)[4] which prohibits interception and disclosure of wire, oral or electronic communications.  In addition to the above federal causes of action, plaintiff's complaint also raises related state law claims and asks for attorney fees also.  This court's jurisdictional predicate is Title 28 U.S.C. § 1331[5] (federal question).

---

[3]Title 47 U.S.C. § 605(a) provides in pertinent part that, "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."

[4]Title 18 U.S.C. § 2511(1)(a) provides that, " ... any person who (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)."

[5]Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

DirecTV, Inc., the plaintiff in the above styled and numbered cause, is a direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 12 million homes and businesses in the United States. DirecTV encrypts (electronically scrambles) its satellite transmissions to provide security for and to prevent unauthorized viewing of its satellite television programming. DirecTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only.  Each customer is required to obtain a DirecTV Access Card and other system hardware (including a small satellite dish) and create an account with DirecTV.  Upon activation of the Access Card by DirecTV, the customer can receive and view in decrypted form (unscrambled) those channels to which the customer has subscribed or otherwise made arrangements to purchase from DirecTV.  DirecTV monitors the customer's legitimate use of DirecTV's television programming through a telephone line connected to a modem on the customer's equipment.  *See In re Karpkinsy*, 328 B.R. 516, 520-21 (Bkrtcy. E.D. Mich. 2005).

The plaintiff's claim against the defendant is that the defendant illegally obtained the plaintiff's service and failed to pay for it.  The plaintiff's damage claim is for $20,000.00 (2 X $10,000.00 for two violations), plus costs and attorney fees.[6]

The plaintiff now asserts pursuant to Rule 36(a) that the defendant by not responding has admitted that he purchased and used illegally modified DirecTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit

---

[6]Section 605 provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to any aggrieved party."  Title 47 U.S.C. § 605(e)(3)(B)(iii).  Although this statute provides that the court shall award attorney's fees, the determination of the fee amount is left to the court's discretion.  Title 18 U.S.C. § 2520(b)(3) provides that appropriate relief includes, "a reasonable attorney's fee and other litigation costs."

viewing of DirecTV's television programming without authorization by or payment to DirecTV;  that he purchased two (2) Pirate Access Devices from Hcard.org;  that he placed the order for Pirate Access Devices by using interstate or foreign wire facilities, and received his order via the United States Postal Service or commercial mail carriers; and that he purchased one (1) Hcard.org Enclosed Programmer and one (1) Hcard.org Scorpion XP 4 in 1.

Based on these admissions by the defendant, the plaintiff claims to be entitled to the amount of Twenty Thousand and No/100  Dollars ($20,000.00) (number of purchases x $10,000 per violation of § 605 and § 2511(1)(a)) as statutory damages and reasonable attorney's fees and costs.  Additionally, the plaintiff notes that the defendant has failed to remit Two Hundred Fifty and No/100 Dollars ($250.00) to DirecTV as ordered by this court as costs and attorney fees relating to a Motion to Compel on July 15, 2005.  Finally, the plaintiff claims attorney fees in the amount of $9,447.46 for legal services and costs from June 22, 2004, to October 26, 2005.

Inasmuch as the defendant has failed to respond either to the plaintiff's request for admission or plaintiff's motions for summary judgment, and in light of all the foregoing, this court hereby grants the plaintiff's motions for summary judgment [**Docket Nos. 19-1 & 22-1**] against the defendant James Furlow in the amount of Twenty Thousand and No/100 dollars ($20,000.00) as statutory damages, and Two Hundred Fifty and No/100 dollars ($250.00) as costs and attorney fees pertaining to the motion to compel.

This court has reviewed the documents supporting the plaintiff's request for an attorney fee and finds the request to be reasonable, but notes that the plaintiff's

4

request for fees and the request for costs are mixed together in the supporting documents.  Title 28 U.S.C. § 1920[7] requires that a bill of costs shall be filed in the case, and the plaintiff is directed to comply with § 1920, taking care to avoid duplicating those matters pertaining to costs with the items in the supporting documents pertaining to the legal services provided.

The plaintiff also seeks interest.  Title 28 U.S.C. § 1961(a) provides that, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. ... .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  This court shall award interest from the date of the final judgment at the prevailing federal rate of 4.74%.  Costs are hereby assessed against the defendant and the plaintiff shall submit a cost bill as previously directed.  This court's final judgment shall be entered thereafter.

**SO ORDERED** this the 15th day of March, 2006.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:04-cv-643 WS

---

[7]Title 28 U.S.C. § 1920 enumerates the costs that may be taxed against a losing party: [a] judge or clerk of any court of the United States may tax as costs the following:  (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, and costs of special interpretation services under section 1828 of this title.  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.